MARIA HOLMAN v. SCHOOL DISTRICT No. 4 IN HALIFAX.

*School.    Certificate.    Contract.*

A town superintendent of schools appointed by the selectmen to fill a vacancy in the office, may, while in office, grant a certificate to teach school, which will be good for one year from the time it is granted, although the term of office of such superintendent may have expired before the termination of such year.

Where a teacher obtained a certificate to teach for one year from the 17th of December, 1857, and in the summer of 1858 was employed by the defendant to teach school for the winter next ensuing, and pursuant thereto taught such school for five weeks before her certificate expired, and six weeks afterwards without obtaining a new certificate, *Held,* that inasmuch as she had a certificate when she was employed and actually commenced the school, she might recover for the services performed both before and after the expiration of the certificate.

This was an action to recover wages for teaching school in the defendant's district.

The case was submitted to the court on the following statement of facts :

In the month of October, 1857, a vacancy occurred in the office of school superintendent in Halifax, and the selectmen on the 17th day of said October, appointed H. E. Johnson, superintendent, to fill said vacancy, and he held that office until the annual March meeting of 1858, at which meeting George Atkinson was chosen superintendent, and held that office till April, 1859.

On the 17th day of December, 1857, the plaintiff who had engaged to keep the district school in district No. 6, in said Halifax, was examined by said Johnson, who then executed and delivered to her the annexed certificate, (she being known as well by the name of Minna as Maria.)

In the summer of 1858, the plaintiff was duly employed by one Legate, the prudential committee of district No. 4, to keep the summer school in said district, and did keep and teach the same for several weeks, and was paid therefor, and this she did without any examination by said Atkinson or procuring from him any certificate therefor.

The plaintiff was again employed by said prudential committee to keep the next winter school in said district twelve weeks for two dollars and fifty cents per week, and did so keep and teach

said winter school for twelve weeks, commencing five weeks and four days previous to the 17th of December, 1858, and continuing said school six weeks and three days after said last named day. The plaintiff did not procure any new examination to be made as to her qualifications before said school commenced, and finished said twelve weeks without any new certificate, and the only demand made by her on said district prior to the commencement of this suit, was by presenting on the 9th of April, 1859, an order to the treasurer of said district, said order being dated April 7, 1859, and drawn by said Legate as p.udential committee, seven days after his term of office had expired, and said district had chosen a new prudential committee, who had accepted and been qualified in his stead.

Said district have not paid the plaintiff for teaching and keeping said school for said twelve weeks, or any portion thereof, for which this suit is brought.

CERTIFICATE.

This may certify that Miss Minnie H. Holman has duly passed the examination in all the requisite branches usually taught in our district schools. Therefore, I hereby license her to teach the same in Halifax, Vt., for the year ensuing.

H. E. JOHNSON, M. D., Town Superintendent.

Halifax, December 17, 1857.

The court, REDFIELD Ch. J. presiding, at April term, 1860, rendered judgment for the plaintiff to recover the amount claimed by her as set forth in the foregoing statement of facts, being $30, and interest thereon. The defendants excepted.

*Kirkland & Clark,* for the defendants.

*Bradley & Kellogg,* for the plaintiff.

PIERPOINT J. This action is to recover the plaintiff's wages for teaching school in the defendant's district. It is conceded that the work was done and the services faithfully performed, and there is no controversy about the amount agreed to be paid But it is insisted that the plaintiff had not complied with the requirements of the statute as to the procuring of a certificate of

her qualifications of the town superintendent before she opened her school.

The case shows that on the 17th of December, 1857, the plaintiff obtained the requisite certificate of the then superintendent of the town of Halifax; that in the fall following she was employed by the prudential committee of district No. 4 to teach their winter school for the term of twelve weeks; that she commenced the term five weeks and four days prior to the expiration of one year from the time she obtained her certificate. But it is said this certificate did not continue in force for one year from its date, but only during the period of the official existence of the superintendent who granted it, that is, until the then next March meeting, when all officers of this character are elected, and when the authority of this superintendent expired.

The statute relating to public instruction, in the eighth section declares that such certificate " shall be available for one year only ;" there is nothing to be found in the statute tending to show that there was any intention on the part of the legislature to make the availability of this certificate in any respect dependent upon the official or personal existence of such superintendent, or to limit it to any other period than one year from the time it was given, or to confine its operation to contracts to teach in any particular district in the town as is claimed, neither are we able to find in the spirit, object, or purpose of the statute on this subject, or in analogy, any reason or authority for imposing any such limitation upon the operation of such certificates. The certificate when obtained authorizes the person to whom it is given to enter into a contract for and enter upon the duties of teaching the district school in any district in the town for which it was given, for the period of one year, and to enforce payment for the services, according to such contract, when the duties are faithfully performed.

It is further insisted that as the force of the certificate expired by its own limitation before the expiration of the period for which the contract was made, the plaintiff can recover only for that portion of the services that were performed within the year. By the twelfth section of the statute it is provided that any contract for teaching made between the prudential committee and

Holman *v*. School District No. 4 in Halifax.

any teacher shall be null and void, if the teacher shall fail to obtain a certificate of qualification of the superintendent of the town, and before the commencement of the school.

In this case, at the time the plaintiff made the contract and opened the school under it, she had obtained a certificate of qualification according to the requirements of this section, and the contract was a valid and binding one, and we think this is all that is required by the letter or the spirit of the statute. The fact that her right to enter into another contract had expired, before this was completed, can have no effect upon the validity of this. Its validity is not made to depend upon any event that shall transpire subsequent to the commencement of the school. There is nothing in this case tending to show that there was any intent to evade the statute. If the contract had been made for a period of such unusual length as to raise a suspicion of an intent to defeat the object and beneficial purposes of the statute, it would present a different question, but here the period was of the ordinary length, and there is nothing to impeach the perfect good faith of all parties.

Again it is said the plaintiff did not comply with the provisions of the act of 1858 in respect to the keeping and returning a register, &c. This act was passed subsequent to the time the plaintiff entered into this contract and commenced the school, and whether she would come within its provisions, or not, is questionable. But that is a question which we are not called upon now to decide. The case does not show that she did not comply with the requirements of that act; it is silent upon the subject; and if that statute did impose any duties upon her we are not now to *presume* that she did not discharge those duties, in order to defeat her recovery.

It is not necessary to inquire into the validity of the order that the plaintiff presented to the treasurer of the district, or the sufficiency of her demand, as it is very clear that no demand was necessary to perfect the plaintiff's claim, or as a condition precedent to her right of action.

Judgment of the county court affirmed.